UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORAL AVIATION GROUP, *et al.* | : | CIVIL ACTION – LAW |
| Plaintiffs, | : | |
| v. | : | No. 5:23-CV-01838 – JFM |
| READING REGIONAL AIRPORT AUTHORITY, *et al.* | : | |
| Defendants. | : | |

**BRIEF OF DEFENDANT DAVID HEATH IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

### I.   Introduction

This litigation is the result of lengthy, but failed, negotiations between Plaintiff, Coral Aviation Group ("Coral"), and Reading Regional Airport Authority ("RRAA"), regarding a land development proposal for Coral to lease certain acreage to build a hangar to lease to Quest Diagnostics ("Quest") and for other purposes. There is no dispute that those negotiations, which spanned almost twenty months, did not result in an executed lease agreement, or any other agreement and, on February 27, 2023, RRAA notified Coral that discussions were terminated and any outstanding offers had been terminated by the RRAA Authority Board.

Disgruntled by these events, Plaintiffs, Coral and James Dastra, have filed a kitchen sink Amended Complaint maintaining that these run-of-the-mill failed business negotiations amount to "a miscarriage of justice," ECF No. 33 at ¶1, violating federal antitrust statutes, amount to fraud, tortious interference with contract, unjust enrichment, defamation, civil conspiracy and seek compensatory and punitive damages and injunctive relief.

There is no requirement in the law that all business negotiations must be successful or free from disappointment when those negotiations do not reach fruition. By contrast, the law requires that plaintiffs meet pleading standards to state claims upon which relief can be granted. Viewing the Amended Complaint under the governing standard of review, Plaintiffs have provided only conclusory allegations which lack facial plausibility. For those reasons, and those presented by other defendants, Mr. Heath moves this Court to dismiss the Amended Complaint.

## II. Procedural Posture

On May 15, 2023, Plaintiffs filed a Complaint. ECF No. 1. Defendant, David Heath, was never served with that pleading or Writ of Summons. On September 11, 2023, following the filings of motions to dismiss by several of the other defendants, Plaintiffs filed an amended complaint[1] against eleven defendants, including Mr. Heath, alleging seven causes of action with claims based on federal and Pennsylvania laws. ECF No. 33. Mr. Heath is named as a defendant in each cause of action. *Id.*

On September 19, 2023, this Court, on its own motion, issued an Order to Show Cause why Mr. Heath should not be dismissed as a defendant, without prejudice, because Mr. Heath had not been served with the original Complaint within ninety days of May 15, 2023, the date of the original Complaint. ECF No. 35. On September 25, 2023, Plaintiffs filed a Response to Order to Show Cause seeking an extension of time until November 18, 2023 to serve Mr. Heath. ECF No. 37. On September 28, 2023, this Court entered an Order dissolving the Order to Show Cause and directed that Plaintiffs shall serve the summons, Complaint and Amended Complaint upon Mr. Heath and file proof of service no later than October 27, 2023. ECF No. 39.

---

[1] Plaintiffs actually titled the amended pleading as "Complaint."

On October 3, 2023, counsel for Mr. Heath contacted counsel for Plaintiffs to arrange for acceptance service of the Writ of Summons and Amended Complaint. On October 10, 2023, Mr. Heath provided Plaintiffs with an executed Waiver of the Service of Summons which Plaintiffs filed on October 26, 2023. ECF No. 45. That Waiver provided that Mr. Heath must respond to the Amended Complaint by December 4, 2023. *Id.*

In the meantime, prior to the date when Mr. Heath must respond to the operative pleading, every other defendant has filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12 (b)(6). On August 29, 2023, this Court scheduled a hearing to consider those motions on November 14, 2023. ECF No. 32. On November 2, 2023, this Court rescheduled the motions hearing for December 18, 2023. ECF No. 52. On December 1, 2023, the motion hearing was rescheduled for February 13, 2024. ECF No. 63.

### III.   Statement of Facts

The following facts alleged in the Amended Complaint are accepted as true solely for purposes of this motion. In short, Plaintiffs recount negotiations with RRAA for development projects at the Reading Regional Airport. Proposals and counterproposals were exchanged. Meetings were convened. In the end, Coral and RRAA did not execute any agreement and RRAA elected to pursue other business opportunities.

Mr. Heath serves in an advisory of other representative capacity at RRAA. ECF No. 33, at ¶8. At a January 10, 2023 meeting between Plaintiffs and RRAA, Defendant, Christian Leinbach, and Mr. Heath stated that the Federal Aviation Administration ("FAA") was concerned about and preparing to "crack down" on "land banking." Defendant, Zackary Tempesco, confirmed that the FAA had reservations about a single tenant having too much land at an airport and the issues needed to be addressed. Plaintiffs allege there is no evidence that the FAA made such claims. *Id.* at ¶¶59, 61. Upon an investigation, Plaintiffs determined that the FAA had no issue with land banking but

3

nevertheless tried to address and alleviate any potential land banking pursuant to the requests of RRAA and Messrs. Leinbach, Heath, and Tempesco. *Id.* at ¶62.

On or about February 27, 2023, counsel for RRAA sent a letter to Plaintiffs advising that a special meeting of the Board of Reading Regional Airport Authority had been held that day. At that meeting, the Board voted to terminate discussions with Plaintiffs regarding the construction of a hangar or hangars and discussions regarding Plaintiffs being a fixed-based operator. The letter further rescinded any perceived outstanding offer from RRAA to Coral. Counsel for RRAA explained that RRAA "was presented with an opportunity to exercise its proprietary exclusive right to own and operate a sole fixed-based operator and that RRAA intended to pursue this opportunity." *Id.* at ¶65.

After this letter was sent, Mr. Heath made a series of telephone calls to several officials of Quest on behalf of RRAA, even though he was aware of Plaintiffs' relationship with Quest. *Id.* at ¶66. Mr. Heath's calls and requests for meetings disparaged Plaintiffs and continued for several months. *Id.* at ¶68. Mr. Heath visited Quest's hangar on several occasions following the termination of discussions between Plaintiffs and RRAA. *Id.* at ¶69.

Mr. Heath continued to try to communicate with Quest, on behalf of RRAA, claiming that Plaintiffs had refused to sign agreements and discontinued negotiations, in contradiction to a May 2, 2023 letter by RRAA to Representative Maloney. *Id.* at ¶83. Mr. Heath communicated with Quest officials to ensure that Quest would remain at Reading Regional Airport. *Id.* at ¶103.

Plaintiffs summarize their allegations with this overly dramatic statement:

> This action arises out of the actions of Reading Regional Airport Authority, Christian Leinbach, Andrew M. Miller, Jr., Christina Muller-Levan, David Heath and Peter Knight, specifically actions taken in their official capacity representing a municipal body to self-deal, use extreme bad faith to induce Plaintiffs into doing leg work necessary to prove airport viability, and use Plaintiffs to secure a large tenant all in order to monopolize their stranglehold over the Reading Regional

4

Airport. In so doing, these parties breached their collective and other obligations to Plaintiffs as well as violate the powers and positions of public trust and antitrust violations in violation of the Clayton Act (15 U.S.C. §15(a)) and 28 U.S.C. §§1367, 1337(a), the Sherman Act (15 U.S.C. §1, 2); 34 CFR Part 99.

*Id.* at ¶120.

### IV. Standard of Review

In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), "we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation omitted). After *Twombly* and *Ashcroft v. Iqbal*, U.S., 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), "conclusory or bare-bones allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler*, 578 F.3d at 210 (internal quotation marks and citation omitted). While the complaint "does not need detailed factual allegations . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

*Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

### V. Argument

Plaintiffs barely mention Mr. Heath in the Amended Complaint. Mr. Heath is referred to only in 14 of the 216 paragraphs and his name appears only on three exhibits accompanying that pleading, ECF No. 33 at Exhibits U, V, W, in which he was merely copied on correspondence addressed to others. He is alleged to have (1) served "in an advisory or other such representative capacity at RRAA", *id.* at ¶8; (2) attended a January 10, 2023 meeting with RRAA and Plaintiffs and made certain representations which Plaintiffs claim were untrue, *id.* at ¶61; and (3) communicated with officials of Quest, *id.* at ¶¶66-69, 83, 103. From these meager allegations, Plaintiffs have included Mr. Heath in all seven counts with the other ten defendants. Yet, Plaintiffs

5

failed to serve Mr. Heath with the Writ of Summons and Amended Complaint until this Court entered an Order to Show Cause.

Four Motions to Dismiss Plaintiffs' Amended Complaint have been filed by (1) Defendants Reading Regional Airport Authority, Christian Leinbach, Pamela Shupp Menet and Zachary Tempesco (collectively the "RRAA Motion"), ECF No. 38; (2) Defendants Peter Knight and Millenium Aviation, Inc. (collectively the "Knight Motion"), ECF No. 41; (3) Defendants Reading Jet Center, Inc., Andrew M. Muller, Jr., and Christina Muller-Levan (collectively the "Reading Jet Motion"), ECF No. 43; and (4) Defendants Christian Leinbach and Pamela Shupp Menet (collectively the "Leinbach Motion"), ECF No. 44. Inasmuch as the same arguments apply to Mr. Heath, he adopts the arguments made in those Motions to Dismiss Plaintiffs' Amended Complaint.

### Count I (Clayton Act) Fails to State A Claim on Which Relief Can Be Granted and Must Be Dismissed.

Mr. Heath adopts the arguments presented in the RRAA Motion, ECF 38 at 6-14;[2] Knight Motion, ECF No. 41 at 6-17; Reading Jet Motion, ECF No. 43-1 at 17-26; and Leinbach Motion, ECF No. 44 at 9-18.

### Count II (Sherman Act) Fails to State A Claim on Which Relief Can Be Granted and Must Be Dismissed.

Mr. Heath adopts the arguments presented in the RRAA Motion, ECF No. 38 at 6-14; Knight Motion, ECF No. 41 at 6-15 and 17-23; Reading Jet Motion, ECF No. 43-1 at 26-32; and Leinbach Motion, ECF No. 44-1 at 9-18.

---

[2] Mr. Heath cites the page number at the bottom of the referenced document rather than the ECF page number at the top of the referenced document.

### Count III (Fraud) Fails to State A Claim on Which Relief Can Be Granted and Must Be Dismissed.

Mr. Heath adopts the arguments presented in the RRAA Motion, ECF No. 38 at 15-16; Knight Motion, ECF No. 41 at 24-28; Reading Jet Motion, ECF No. 43-1 at 32-37; and Leinbach Motion, ECF No. 44-1 at 18-20.

### Count IV (Tortious Interference with Contractual Relations) Fails to State A Claim on Which Relief Can Be Granted and Must Be Dismissed.

Mr. Heath adopts the arguments presented in the RRAA Motion, ECF No. 38 at 16-19; Knight Motion, ECF No. 41 at 28; Reading Jet Motion, ECF No. 43-1 at 37-40; and Leinbach Motion, ECF No. 44-1 at 20-27.

### Count V (Unjust Enrichment) Fails to State A Claim on Which Relief Can Be Granted and Must Be Dismissed.

Mr. Heath adopts the arguments presented in the RRAA Motion, ECF No. 38 at 19-20; Knight Motion, ECF No. 41 at 28-30; Reading Jet Motion, ECF No. 43-1 at 41-43; and Leinbach Motion, ECF No. 44-1 at 27-29.

### Count VI (Defamation) Fails to State A Claim on Which Relief Can Be Granted and Must Be Dismissed.

Mr. Heath adopts the arguments presented in the RRAA Motion, ECF No. 38 at 20-21; Knight Motion, ECF No. 41 at 30-32; Reading Jet Motion, ECF No. 43-1 at 43-56; and Leinbach Motion, ECF No. 44-1 at 29-30.

### Count VII (Civil Conspiracy) Fails to State A Claim on Which Relief Can Be Granted and Must Be Dismissed.

Mr. Heath adopts the arguments presented in the RRAA Motion, ECF No. 38 at 22-23; Knight Motion, ECF No. 41 at 32-33; and Leinbach Motion, ECF No. 44-1 at 30-32.

### Plaintiffs' Demand for Punitive Damages Should Be Stricken.

Mr. Heath adopts the arguments presented in the Knight Motion, ECF No. 41 at 33-34.

Plaintiffs' Demand for Attorney's Fees Should be Stricken.

Mr. Heath adopts the arguments presented in the Knight Motion, ECF No. 41 at 34-35.

## VI. Conclusion

The Amended Complaint fails to state a claim on which relief can be granted as to Mr. Heath. Accordingly, this Court should dismiss all claims asserted against Mr. Heath in the Amended Complaint.

Respectfully submitted,

*s/Harry Levy*

Harry Levy (*admitted pro hac vice*)
Thomas J. Burns, III (ID No. 76876)
Summer Pannizzo (ID No. 33837)
Shumaker Williams, P.C.
3425 Simpson Ferry Road
Camp Hill, Pennsylvania 17011
Telephone: 717/763-1121
Facsimile: 717/763-7419
Counsel for David Heath